Today is case number 23-69-85, Purcell v. United States. Thank you, my friend. Your Honors, may it please the Court, my name is Justin Maugham, arguing on behalf of the prisoner appellate, Mr. Purcell. Mr. Purcell received ineffective assistance of counsel in violation of a Sixth Amendment right when his appellate counsel failed to raise a promising venue issue regarding Count Two. Appellate counsel overlooked an obvious and significant issue, resulting in error. As counsel conceded to this court, and I quote, there is no strategic reason for challenging the venue on Count One, but not Count Two. Counsel simply overlooked it. Should that be tested? I mean, I think the government, obviously, they argue concurrent sentence doctrine, they argue prejudice, but as to deficient performance, in a footnote, they say, at the very least, there should be a hearing on deficient performance, since that statement, it's not a declaration, but it's a representation to the court, and the hearing papers hasn't been tested in any way. Yes, Your Honor. So, this circuit, this court, holds Sparman hearings and evidentiary hearings, one, to allow counsel to speak for themselves, and two, because the appellate court prefers an expanded record to make a decision that's determined by the lower court. Here, Your Honor, we have his statements speaking for himself, and we have the record that shows there was a promising issue, based off of this court's precedent on ineffectiveness. So looking at appellate counsel's perspective at the time of drafting, the issue was obvious, and under this court's precedent, obviousness is determined based off of... But how important is the statement from appellate counsel in the rehearing papers? Especially since it was quite likely, which is not even, I was, right? So are we supposed to accept that as true? Your Honor, the appellate counsel is an officer to this court and made a statement, which has some bearing. Furthermore, the question at issue is to get behind why appellate counsel omitted this important issue, and the point of an evidentiary hearing is to get to their motives, and he specifically spoke to that issue by saying it was not strategy. Right, but the district court says that's fine in hindsight, and the government notes in their briefing that appellate counsel sought permission for additional pages and made representations to the court. I can't cut any more words. So there's some inconsistency, I suspect, between those two representations to the court. That seems like the kind of thing where you'd imagine with government counsel asking about those inconsistencies, the appellate counsel can either shed light on them or perhaps draw back from one or the other. Yeah, Your Honor, two points. First, appellate counsel in requesting to expand the brief represented to this court that he needed the extra pages to provide effective assistance, and the fact that he presented a range of arguments, and specifically the venue argument for count one, but omitted it for count two. What if he didn't make the venue argument in count one? Would that have been an effective assistance? I'm sorry, Your Honor, can you repeat that? What if he didn't raise the venue argument at all in count one? Would that have been deficient performance? Or is your argument that because he made it in one and so easily could have added it to two, that was the deficiency? Your Honor, there are two ways to look at it and that support this perspective. One, under Lynch, the fact that he raised count one with the same factual basis I count two and did not incorporate it can lead to a finding of error. But also, even if he did not include it in count one, looking at how this court determines whether an issue should have been raised is it needs to be promising based off whether it's obvious and significant. And based on the record, the record shows that the venue argument was obvious because it was well-preserved and that's under Mayo, Lynch, and Bloomer. It was contested pre- and post-trial. Further, under Jackson v. Leonardo, the issue was evident from the face of the trial transcript. I mean, maybe in hindsight, the district court pointed this out, maybe in hindsight, but I think I was on the original panel and it did not strike me as the kind of thing that was, it was a highly technical argument and it had to do with a witness, I think, dropping out of that count. And so it was more of a, I think, a technicality that venue was lost from on that count. Yes, Your Honor. However, this court, in assessing ineffective claims, avoids hindsight, again, Your Honor, by looking at these factors and looking at the circumstances from the perspective of the drafter at direct appeal. And so that's why I point to obviousness and significance. Because the record shows that if we look at it, the issue through those factors, we're avoiding hindsight. Can I ask you about the concurrent sentence doctrine? You argue that it shouldn't apply here because it's in the ineffective assistance context and I'm not sure I understand the reasoning. If you could help me understand that. Yes, Your Honor. Ineffective assistance claims in this court are brought through 2255 motions as a vehicle. Only in rare circumstances are ineffective claims raised on direct appeal. If we apply the concurrent sentence doctrine using 2255's language, focusing on the custodial aspect, that will add an extra burden to Strickland's two-prong analysis and will limit ineffective claims in this court because they would be only attached to counts with the highest sentence. So in effect, Your Honor, if we adopt 2255's language to shift the Supreme Court's Strickland analysis, it will circumvent the Sixth Amendment. It will drastically limit ineffective claims. I think I don't understand that part. I mean, because the bar is high for Strickland, there shouldn't also be application of the concurrent sentence doctrine? Your Honor, our argument is more to bring in an ineffective assistance claim, they have to be brought under 2255 motions. And so because of that, if we adopt the concurrent sentence doctrine and we apply it to ineffective claims, we're essentially saying only claims that are attached to counts with the highest sentence will be heard because everything else will not matter. And so that will limit- Well, yeah. Isn't that another way of saying there's no prejudice? I mean, the prejudice analysis is quite similar in both. Respectfully, Your Honor, under Jackson v. Leonardo, the prejudice analysis for Strickland is Jackson v. Leonardo says an improper count amongst proper counts satisfies the prong for prejudice. I thought your argument was in part, I understood your argument that ineffective assistance claims are typically, and most often though, not always brought in habeas, was that what Ray tells us, there's no concurrent sentence doctrine in direct appeal. And here you have a claim that doesn't really, or rarely lives in the direct appeal context, but it is brought in the habeas context. So it is an extra burden in a way to say that this claim that can only be brought in habeas or mostly brought in habeas, to be precise, is susceptible to concurrent sentence doctrine when Ray tells us there's no concurrent sentence doctrine in the direct appeal context. Is that the argument? So I might not be following you, so I don't want to- if you could restate that. Well, I just thought the point you were making about the typicality of IAC claims in habeas as opposed to direct appeal mattered because if we could bring it in direct, or if we typically did bring it in direct, it wouldn't be subject to the concurrent sentence doctrine in light of Ray. Is that right? Is that a fair understanding? Yes, Your Honor. As you mentioned, Ray stands for the proposition that the concurrent sentence doctrine does not apply to direct appeals when you're challenging the underlying conviction. It does still- this court still allows it to occur on collateral- or on challenges- Right, and so your argument is that Ray should- or sorry, that collateral doctrine exception should- the concurrent doctrine shouldn't be expanded to IAC claims because those are typically brought only in the habeas context, not in the direct appeal context. Exactly, Your Honor. So we're just arguing specifically ineffective assistance claims should not be subject to the concurrent sentence doctrine, or at least in this case, because it was appellate ineffective assistance. And so in our case, Your Honor, Mr. Purcell could only bring this under a 2255. He could not have raised this during direct appeal because that's where the issue arose. So as I understand the argument over prejudice, you have- you're all arguing that there's a change in a formal outcome. The other side is arguing that they're still going to have more- still going to have the same amount of time in prison because they have a longer term. Can you help me figure out legally which one is correct? Yes, Your Honor. So first of all, the prejudice prong, again, we're relying on this circuit's case law to say that the improper conviction satisfies prejudice. And the government is saying- they're focusing on the custody part again, and they're saying From recent- we already saw resentencing, and the lower court judge gave the same sentence. There's a reasonable probability that that will occur again. However, the resentence occurred in December of 2020, that was four years ago. And the district court judge can rely on materials in resentencing that show post-conviction rehabilitation and mitigating factors. And so I would say the government's argument relies on a certain level of speculation that I would caution this court from doing. And also, isn't it also that it's really hard to know what an adverse collateral consequence may be? Like don't some states have rules regarding different penalties depending on how many convictions they have and the like? Yes, Your Honor. And that's going to the Vargas factors, where Vargas factor two talks about recidivist statutes, not just currently, but in the future, that could lead to adverse collateral consequences. Can you give me an example of how that would apply here, if there were a count two conviction or not? Can you give me an example of a statute where that collateral consequence would be affected by this, your client's scenario? Your Honor, unfortunately I cannot give you an exact statute, but I can tell you that Mr. Purcell has a definite term. He will be released. And he was sentenced to 18 years, three years above his minimum. And when he is released, that conviction on his record can be used against him in a future recidivist statute. So under this court's Vargas analysis, the court requires there to be a reasonable certainty that Mr. Purcell will not suffer adverse collateral consequences. And the court cannot view it in that way at this moment. So the Vargas factors say we should review it on the merits. Can I just ask on prejudice, so not in the concurrent sentence doctrine bucket, but in the IAC bucket and prejudice, as Judge Perez was asking, I heard part of your argument here to be sort of arguing about whether it's right to know that he wouldn't have a different sentence and the like. But I understood part of your argument to be, and there's cases to this effect, that looking at deficient performance, you ask about a reasonable probability of the outcome of the proceeding would have been different. And the proceeding here is the appeal, right? That is, so it's a case called Mayo, which is this court in 1994, Mayo versus Henderson, and another case called Lynch from 2015 here, for ineffective appellate counsel claims, the relevant proceeding is the appeal. And so if we're thinking of prejudice just from the appeal perspective, just from that proceeding perspective, then I think the question is just, would it have led to a vacating of this conviction or not? And the answer seems to be yes. Yes, Your Honor, and this court held him for cell one in finding venue was not established in count one. This court adopted the Mann Act's specific language to show that venue was not established with the complainant from count one and count two in the Southern District. And to your point, Your Honor, under Strickland's Prom 2, but for counsel's omission, the outcome would have been different. And we know that not just with the appeal. Yes, Your Honor. Whatever happens beyond that might work out in different parts of the analysis, but for purposes of the prejudice analysis, I think we've got law that requires us to look at it with respect to this proceeding, to the appellate proceeding. I couldn't have said it better, Your Honor. It's with the appeal that led to the prejudice of the account remaining. So the omission during the appeal led to this improper conviction on his record, which satisfies Jackson v. Leondardo. Okay. Thank you, counsel. You've reserved a couple minutes for about a couple minutes from the government. May it please the court, Jane Kim for the United States of America. I want to just jump into some of the questions that the court asked of defense counsel. The first question was whether or not we should be relying on appellate counsel's petition for an en banc, rehearing en banc, and the answer to that is no. We should not be relying on that because it was not a sworn affidavit, and unlike defense counsel's request for, to file an oversized brief, which was sworn under penalty of perjury, the petition for a rehearing en banc was not sworn. And in that petition, counsel was acting as an advocate and not as a witness. So Ms. Kim, do you mean we should disregard it entirely, or it shouldn't be the basis for the granting of the writ, assuming all the data? It should not be the basis, and I would go even further to say that it would hold very little weight given the sworn affidavit and given all the other factors in assessing ineffective assistance. Counsel's still under rule 11 obligations in submission of that document though, right? Yes, that's true, except the language that counsel used was that he had committed an oversight, and he argued that a denial of the petition for rehearing would be manifest injustice, and this court rejected that argument that there would be manifest injustice because the vacatur of count two based on Purcell one was not obvious. And so I think the specific language of what was said in the petition for rehearing en banc matters, and I think also the fact that it wasn't a sworn declaration and counsel was acting as an advocate changes the weight or consideration this court should give to that document. With respect to whether or not, this was the last question from Judge Nathan, whether or not the outcome would have been changed for vacating count two, the government's position there is that there is not a substantial likelihood that the court would have vacated for count two, and there are many, many reasons why, and this ties into Judge Park's question of would it have been ineffective assistance of counsel if counsel had not raised the venue challenge for count one, and I would submit that it would not have been effective. In the appeal, I mean, in the appeal we didn't reach that because it wasn't raised, I think we explicitly said that. Yes, that's true, and it was in footnote 16, it was deemed waived, but there was not analysis by the circuit with respect to venue and the elements of count two. Well, but the analysis presumably from the count one venue issue would have been the same. There is overlap, but count one and count two, enticement versus transportation, are two different offenses, and while the Second Circuit did find that the record was, quote, silent with respect to how one of the victims traveled, which we disputed before the Second Circuit, the record was not silent with respect to how Purcell himself traveled to facilitate the transportation of the victim. And we know that, and there are certain sort of data points within Purcell one, and the first is that the court held in assessing the sufficiency of the evidence with respect to transportation under count two, that transportation includes coordinating and prearranging the date and time for travel, inviting travel, purchasing tickets, and accompanying individuals on trips, and that would be more than sufficient. That's in Purcell one on page 190. The second. So what evidence, I understand it's the same victim for one and two, and so what evidence as to venue was present for count two that wasn't present for count one? Yes, so there is much evidence, and I would start by saying there's a difference between what the Second Circuit held in Purcell one that for enticement, the person enticing needs to be in the Southern District or the victim needs to have traveled through. And here, for transportation, it would be enough that Purcell had traveled through the Southern District of New York. And there was abundant evidence in the trial record and also discussed in part in the Second Circuit's decision. The first is that Purcell routinely operated his prostitution business by transporting women across state lines from Hempstead, New York and the Eastern District of New York through the Southern District of New York to states like Pennsylvania and North Carolina. And that travel effectively has to go through the Southern District of New York, and an agent in the trial below testified to that effect. With respect to one victim, Marianne Wood, the trial record shows that the defendant drove Wood from Hempstead through the Southern District of New York to Pennsylvania. For another victim, Kristen Pryor, the record shows that the defendant took a bus with Kristen Pryor from Manhattan down to North Carolina. I thought the jury only concluded on count two with respect to one of the victims, which is the same victim, Vasquez, the same victim as one. So shouldn't that be the evidence that we're looking for? Yes, and I will get to that. So I want to say, part of the reason why I'm pointing to all these pieces of evidence is it shows Purcell's pattern and practice of driving victims through the Southern District of New York from Hempstead, where he lived, down to places in other parts of the United States. And that was apparent with the victim, Ms. Wood, with Kristen Pryor, with Sharon Alwell, who heard Purcell driving while she was having conversations with him, with Stephanie Alcantara, the undercover, who met with Purcell in a parking lot in North Carolina. And now I will get to Samantha Vasquez. And what the panel found in Purcell 1 was that Vasquez herself was not present in the Southern District of New York. But what we do know is that, again, Purcell had a pattern of practice of transporting victims. And facilitating their transportation, accompanying them. And second, that he did rent a car, and regularly rented cars. And he would rent cars with mileage that was upwards of 6,000 miles. And so he was driving substantial distances, including to North Carolina. For Vasquez, we also see that she was in various parts of the United States with Purcell, including North Carolina, in December of 2016. Including Virginia, which was another place Purcell drove in December, again, of 2016. And so, drawing all of the inferences in the government's favor, there is not reasonable, there is not a reasonable probability that the defendant would have prevailed on count two, should he have raised the venue argument. And quite frankly, it was not obvious that the defendant would have prevailed on count one. And we know that for a variety of reasons. The first is that the procedural history before the trial court showed that the grand jury found by preponderance of the evidence that venue was proper. The trial jury found that Purcell was guilty of counts one and two. Found that venue was proper. Defense counsel in post-trial motions gave the venue issue really no argument, back of the hand, and Judge Cote denied those motions and found that there was a venue. The venue objections were made at trial, right? The venue objection was made in a very short Rule 2933. That was one sentence, correct. Just shows you how little was needed to include it in the appellate brief, I suppose. So it's raised below and then obviously raised with respect to count one on appeal and the circuit so found. So we're to think that it, so your argument is not that it wouldn't succeed, but it wouldn't have been known to succeed, is that the? I think the argument is first that it was not obviously a winner of an argument. There's a heavy burden in challenging sufficiency of evidence. The standard is exceedingly deferential and it would have been reasonable for counsel to have foregone the venue challenges because they would not have had as much of an impact. And so, with respect, I want to flesh out that point a bit more, which is, Strickland says that we should assess the totality of the circumstances to see if counsel's performance was not, fell below the objective standard of reasonableness. And there are very few ineffective assistance counsel cases on appeal. And there are a variety of reasons for that. But in the cases that have assessed effective assistance on appeal, courts including the Supreme Court and the Second Circuit and Barrett have said that counsel has multiple, numerous different arguments that could be made. And he or she has to make strategic decisions about which ones will have the biggest impact and which ones are most persuasive. So, is it a question then for the judge to, the district court judge, to figure out if there was a bunch of reasons why it might have made sense to do it in one but not in two? I think Judge Cote could have further inquired, but I think it was plain on its face that it was not constitutionally ineffective assistance to not have raised the count to venue challenge. Even in the face of the admission by the trial counsel? Yes, and the reason for that is the venue challenges for count one and count two, as you can see from the outcome, which is that the sentence was exactly the same, is that it doesn't affect the defendant's guilt or the proof of the defendant's guilt. If a count is vacated for lack of venue, first, the conduct underlying that count can still be considered at sentencing as relevant conduct, both under the sentencing guidelines and also under the Supreme Court's case in Smith v. United States from 2013. And the remedy for improper venue is not acquittal. It's dismissal without prejudice. And so the result could have been that the defendant could have been retried for count one in the Eastern District of New York, for example, or in North Carolina, or in a different venue. And so because the Supreme Court has held that venue doesn't relate to the factual guilt or innocence of the offense, when the case was remanded to Judge Cote, the conduct underlying count one was still considered. And the definition of relevant conduct includes acquitted conduct. And here, the venue conduct was not acquitted. But it includes it when, in whole or in part, the conduct is part of the instant offense of conviction. And here we have a situation which is quite unusual, where all five counts are, in some ways, intermingled. Counts one and two involve the inducement and the transportation of victims to engage in unlawful sexual activity, i.e. prostitution. Counts three and four involve operating a prostitution business that affects interstate commerce. And count four is conspiracy to do the same, and count five is trafficking. And so counts one, two, and five contribute to the evidence for counts three and four. And I would note that- I just want to make sure I understand where you're making this argument. Are you making a prejudice argument, or are you making a deficient performance argument on the theory that there was a lack of incentive? Yes, both. And I would say, with respect to ineffective assistance, you can see that it would not have been ineffective assistance not to raise counts one or even count two with respect to the venue challenge. Because it ultimately would not have impacted the underlying sentence, as we saw on remand. And with respect to prejudice, we also see that on remand, under the concurrent sentence doctrine, that Judge Cote would sentence the defendant to the same amount of time. And we know that because when count one was vacated, when the case went back to Judge Cote, she stated that she believed that the sentence she constructed originally was appropriate based on a variety of factors, such as the offense conduct, recidivism, deterrence. And so- We've never applied the doctrine to ineffective assistance claims, right? That is true. Can you address that, or hear it from your friend? Yes, absolutely. First, I would say that, again, this is a very unusual case where we have a venue-based challenge, again, that doesn't change the defendant's factual guilt. And where we have an ineffective assistance allegation that relates to just one count out of a five-count indictment, and it was on appeal. And usually, when there's ineffective assistance of counsel claims, those arguments relate to more than one count or multiple counts that would result in a new trial, for example. Or in vacature of a conviction with prejudice versus without prejudice for venue. And so there is not one specific case that has this exact same fact pattern. But it seems to me you're basically asking us to import the concurrent sentence doctrine into Strickland. And not only that, you're asking us to apply it when we're not having a light term. And as far as I can tell, we don't have any precedential opinions in this circuit where we have applied the concurrent sentence doctrine when one of the terms was not light. So you're asking us to do two novel things, is that fair? No, I think the concurrent sentence doctrine and the Strickland analysis are two different mechanisms by which this court could affirm Judge Coates' denial of the 2255. And while there are overlapping principles, we are not asking the court to adopt any sort of new rule. We're asking the court to apply either the well-established concurrent sentence doctrine or the well-established analysis. Okay, so can I ask, have you found any cases that are precedential in this opinion, in which we've applied the concurrent sentence doctrine when it wasn't a light term? I have not found cases that are precedential, but I have found cases, for example, one- Recently, the Tordes case. I got the Tordes case. And then cases before that. But we were challenging the underlying conviction, right? So if we wanted to distinguish the non-precedential cases, we could. That's true. And I think if the court wanted to exercise its discretion and not apply the concurrent sentence doctrine in this case, which it would have the discretion to do if it didn't want to delve into, for example, all of the issues that are appearing for the first time here and have not had sufficient briefing, for example, then that would be appropriate. But either way, Judge Coates' decision should be affirmed because there was not an effective assistance of counsel here. I want to just touch on a couple additional points as to why there wasn't an effective assistance of counsel. And very quickly, it's worth noting that counsel did not challenge counts three and four, which are the sentences with the lowest concurrent sentences and- or the counts with the lowest concurrent sentences. And he challenged count one, both on whether or not there was sufficient evidence of inducement and on venue, because that was the second highest sentence across the counts. So you're basically asking us to do something like the concurrent sentence doctrine, though, and say that prejudice means a change in overall custodial status, right? And that there's no other reasonable view of prejudice. I mean, isn't that effectively what you're asking us to find? I think under either standard, under the Strickland test or under the concurrent sentence doctrine, which is really just a different species of harmless error, under either the prong of prejudice or what the result would be, ways in favor of affirmance. Under Strickland, though, with respect to prejudice, do you agree that the question is the outcome in this proceeding? In the relevant proceeding, namely the appeal? I think that, yes, but I think the two are very much interconnected. Because first, I don't think that it is- we can say that there was a substantial probability that the circuit, the panel, would have vacated count two had that argument been raised. And then two, I think we know that even if it had been vacated, Judge Cote would have still imposed the same sentence. But again, just to- you started by saying yes, so I just want to- so let's assume we're not doing the concurrent sentence doctrine. Let's assume we conclude deficient performance. Is the prejudice question then, would- had counsel brought the claim, what would have been the outcome in the appeal, not what would happen upon resentencing? I think that- I think that is correct. But I think what would have happened on remand also goes in part to the first prong of Strickland. Thank you. Some of the other questions- Wrap up soon. Okay, yes. Some of the other questions, so I just want to make clear that in Jackson versus Leonardo, which was an opinion in which the court decided not to apply the concurrent sentence doctrine and did note that there could have been potential adverse collateral consequences, there was a footnote there by Judge Calabresi which said something along the lines of, we cannot be sure that the defendant would have the opportunity to raise issues if collateral consequences would come up. And I would note that here, not only has Purcell not pointed to a specific and concrete example of, for example, a recidivist statute that would result in an adverse collateral consequence, but in Kassir, there was a footnote and discussion of the fact that there was no prejudice for the defendant if there was a specific collateral consequence that he could point to, that he could then re-raise the claim. And I think the reason why that is important here is the defendant is not serving a life term, but he has a criminal history that involves four additional convictions. He was in criminal history category three, and he is not able to point to a specific harm or consequence that would occur should count two not be vacated. Thank you, counsel. We'll hear rebuttal. Just a moment, Your Honor. Your Honors, I would just like to just state three points on rebuttal that speak to this case. First, Your Honors, the government relies on Torres to argue the concurrent sentence doctrine. Torres was on direct appeal, and it challenged the underlying sentence, which is consistent with post-ray cases. Second, Your Honors, for the prejudice prong, the government cites Torres to shift the standard for prejudice, which is not an ineffective case, and Torres cites Kassir, which is a concurrent sentence doctrine case. Third, Your Honors, going to what is at issue, appellate counsel's statements have some weight that's important because it speaks to the strategy, and that in conjunction with the circumstances where it was obvious not because we don't look at how the jury or the lower court determined the issue. We look at whether the issue is promising. It did not need to be a clear winner. And I'll just end it, Your Honors, by reading this court's decision when finding venue was not proper for count one. This court said, in count one, to engage in prostitution, nor that any of the victims engage in sex work or interstate travel for purpose of prostitution in that district as a result of Purcell's enticements. Accordingly, we reverse Purcell's conviction on count one and remand to the district court for dismissal. If there are no more questions, Your Honors, I'd like to sit down. Thank you, counsel. Thank you for your service. Well argued. Thank you both. We'll take the case under advisement.